IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONALD MAIER,

                                                                            ORDER

                  Petitioner,

                                                         07-C-580-C

       v.

WOOD COUNTY COURTHOUSE;
JUDGE ZAPPEN, Wood County; JUDGE
MASON, Wood County; JUDGE POTTOR,
(DA 1998); DA LAMBERT, Wood County;
JUDGE FLUGAR, Portage County; JUDGE
CARLSON, Taylor County; D.A. SWEIG,
Clark County; DEPUTY MARK NEWMEN,
Wood County; DEPUTY DAVID SADOSKI,
Columbia County; DEPUTY CORY OTTO,
Columbia County; CITY OF WISCONSIN
RAPIDS POLICE DEPARTMENT; MAYOR
GERALD BACH; POLICE INSPECTOR
MIKE RUDE; OFFICER RANDY JOHNS;
SGT. BRIAN KRZYKOWSKI; LT. JEFF
CONRADT; OFFICER JACKIE WAITE;
many more unknown named officers at
this time; STATE OF WISCONSIN;
GOVERNOR'S OFFICE JIM DOYLE;
WISCONSIN STATE PUBLIC DEFENDER'S
OFFICE; WISCONSIN JUDICIAL
COMMISSIONS JAME C ALEXANDER;
STANLEY CORRECTIONAL INSTITUTION;
WISCONSIN DEPARTMENT OF
CORRECTIONS,

1

Respondents.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action in which petitioner Donald Maier alleges that respondents conspired to violate his rights in numerous ways. He states that "most [of the] named respondents are party to a crime" and that "some people named have slandered, harassed, stalked, threaten, beatten, smashed my House to Hell in 1998 and been discriminated towards me over a unsolved murder in [Wisconsin Rapids] in 1985." In addition, he alleges that he did not receive a fair trial in 2006, when he was convicted of harassing respondent Judge Zappen.

Petitioner has requested leave to proceed in forma pauperis and has supported his request with an affidavit of indigency. From his affidavit of indigency, I conclude that petitioner qualifies for indigent status. Nevertheless, before petitioner may proceed in forma pauperis, I must determine whether his action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). For the reasons discussed below, a decision on petitioner's request for leave to proceed in forma pauperis will be delayed.

The first and most fundamental problem with petitioner's complaint is that it is

2

impossible to identify with any certainty whom petitioner alleges violated his rights, how he alleges they did so and when he alleges they did so. Petitioner's statement of claim states in full

> Constitutional Rights Violated Such as Freedom of Speech A fair trial No witnesses allowed the Judge is friends with the 2 so called victims, 2 other judge 50,000 volt zapper was put on my arm so I could not tell the jury what the police DA and Judges did to me. Speedy trial rights violated. Held in jail by so called victim Judge Zappen. I was harassed, stalked beatten up by the Wisconsin Rapids police. 10 years of writting letters to get justice/ So this is Judge Zappen's way to try and get me to shut up
>
> More on white paper

Petitioner has attached more than 40 pages of materials to his complaint. These materials include letters he sent to public officials (including some of the respondents), in which he complains about his treatment by the police department and court system in Wood County; satirical flyers apparently prepared by petitioner regarding his interactions with the Wood County courts; miscellaneous photocopied materials related to events dating back to 1985; and a copy of a complaint petitioner filed in 2006 in the United States District Court for the Eastern District of Wisconsin and later withdrew. These materials describe petitioner's interactions with some of the named respondents. However, it is impossible to determine whether he intends that all of these materials are to be included in his complaint or whether he included them for background information purposes only. In either case, petitioner's

complaint does not comply with the Federal Rules of Civil Procedure.

Therefore, petitioner will have to amend his complaint to bring it into conformance with the Federal Rules of Civil Procedure. The primary problem with petitioner's complaint is that it violates the notice pleading standard required by Fed. R. Civ. P. 8. Nowhere in the body of his complaint does petitioner identify precisely which respondent acted or failed to act in ways that allegedly violated his constitutional rights. Instead, he alleges generally that "defendants" collectively did this or that and violated his rights. Fed. R. Civ. P. 8 requires that a petitioner's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This provision is intended to insure that a respondent has enough notice of petitioner's claim against him or her that he or she can file an answer. Higgs v. Carver, 286 F.3d 437, 429 (7th Cir. 2002). The manner in which petitioner presents his claims does not advise respondents what each did to violate petitioner's rights. For example, petitioner alleges that "I was harassed, stalked beatten up (sic) by the Wisconsin Rapids police." In his case caption he lists several people who appear to be affiliated with the Wisconsin Rapids police department. However, it is not clear which, if any of them, petitioner alleges beat him up or harassed him, and when. When petitioner amends his complaint, he should provide a short statement regarding what each respondent did and when they did it rather than general statements about groups of defendants.

I will offer a few words of caution to petitioner as he amends his complaint. There

4

are several problems readily apparent in petitioner's case caption. First, petitioner has named several entities that are not suable under 42 U.S.C. § 1983 because they are not "persons" within the meaning of that statute. Neither a state nor a state agency is a "person" within the meaning of 42 U.S.C. § 1983 and therefore may not be sued under that statute. Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Ryan v. Illinois Department of Children and Family Services, 185 F.3d 751, 758 (7th Cir. 1999). In his case caption, petitioner names as respondents Wood County Courthouse, State of Wisconsin, Governor's Office Jim Doyle, Wisconsin State Public Defenders Office, Wisconsin Judicial Commissions, Stanley Correctional Institution and Wisconsin Department of Corrections. Because the Governor's Office, Wisconsin State Public Defenders Office, Wisconsin Judicial Commission and Wisconsin Department of Corrections are state agencies, they are not subject to liability under § 1983. Furthermore, prisons and courthouses are not suable entities because they are not persons capable of accepting service of plaintiff's complaints or responding to them.

     Next, petitioner has named as respondents several state circuit court judges. Few doctrines are more solidly established at common law than the absolute immunity of judges from liability for their judicial acts, even when they act maliciously or corruptly. Mireles v. Waco, 502 U.S. 9 (1991). This immunity is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, which has an interest in a judiciary free

5

to exercise its functions without fear of harassment by unsatisfied litigants. Pierson v. Ray, 386 U.S. 547, 554 (1967). The scope of judicial immunity is defined by the functions it protects, not by the person to whom it attaches. Forrester v. White, 484 U.S. 219 (1988). However, it is unquestioned that immunity applies to "the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court." Id. To the extent petitioner's claims against the state circuit court judges are based on his dissatisfaction with their judicial decisions, there is no arguable basis in fact or law for his claims.

Finally, petitioner names as respondents two district attorneys. Prosecutors are protected from suit by the doctrine of absolute prosecutorial immunity. Kalina v. Fletcher, 522 U.S. 118 (1997) ("A state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983."); see also Buckley v. Fitzsimmons, 59 U.S. 259 (1993) (stating that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in his role as an advocate for the State, are entitled to the protections of absolute immunity"). Therefore, if petitioner's claims against the district attorneys relate to their prosecution of him, these claims will be barred as well.

ORDER

IT IS ORDERED that petitioner may have until November 7, 2007, in which to submit a new complaint that complies with Fed. R. Civ. P. 8, as explained above. If, by November 7, 2007, petitioner fails to file the required amended complaint or show cause for his failure to do so, then this case will be dismissed without prejudice on the court's own motion.

Entered this 24th day of October, 2007.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

7